No. 14,420.

Perry et al. v. Bunten.
(85 P. [2d] 731)

Decided December 12, 1938.

Mr. WALTER P. CROSE, Messrs. MOYNIHAN-HUGHES, for plaintiffs in error.

Messrs. BRYANT & STUBBS, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is an action brought to restrain the plaintiffs in error (hereinafter called the Perrys) from using a strip of land claimed by the defendant in error J. W. Bunten, plaintiff below, and from breaking and tearing down gates and fences thereon, and for damages. The trial by the district court, sitting without a jury, resulted in findings and judgment for the defendant in error. The plaintiffs in error are here asking for review and reversal.

The parties have been neighbors for many years, the Perrys occupying the $E^2$ $NE^4$ $SW^4$ and Bunten the $E^2$ $SE^4$ $SW^4$ in the same section of land in Montrose county. They derived title from the same grantor. The deed to Bunten reserved to the grantor, as did the deed to the latter from this grantor, a road right of way thirty feet wide along the west side. The deed to the father of the Perrys conveyed the right to use the roadway so reserved on the west side of the Bunten tract. Since the only public highway near the Perry land runs east and west along the south side of the Bunten land, it was of course important for the Perrys to have access to the highway.

No road was ever actually laid out on the reserved right of way referred to. Along the east side of the Bunten land there runs a ditch. Immediately west of the west bank of this ditch is the alleged roadway—existing only by reason of the actual driving and walking done over it and not at all improved—concerning which the present controversy arose. Bunten served notice on the

Perrys that they must discontinue the alleged road on the east, and offered to cooperate in their appropriation of the west right of way mentioned in each of the aforesaid deeds.

The Perrys thereupon repeatedly broke down the fences and gates put up by Bunten. It is Bunten's contention that the Perrys' use of the east road was purely permissive and not a matter of right. The Perrys, on the other hand defended on two grounds: first that their father gave up his right to the reserved right of way by express agreement with Bunten's grantor in exchange for a similar right of way on the east road, and, secondly, that their father and they themselves thus acquired an absolute right of way over the east road by adverse use thereof which has been continuous, uninterrupted, exclusive, open, and notorious for over twenty-six years. The Perrys also claimed that their father explained the agreement of exchange to Bunten shortly after the latter acquired his land, and that Bunten agreed to the terms of the exchange and fully ratified the agreement, and that the exchange was fully executed; but the evidence does not disclose that there would have been any consideration for such a ratification, which Bunten, whose deed contained the reservation mentioned without referring to the alleged exchange, and who was not apprized of the alleged exchange until after he received the deed, denies.

The evidence was in sharp conflict. Nothing would be gained by a discussion of this evidence. The findings of the trial court cannot be disturbed, unless there was some reversible error of law. We have given due consideration to all the assignments of error, and find no prejudicial error.

Judgment affirmed.

Mr. Justice Knous not participating.